UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| LEONARD CLARK, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 11-1050 |
| RICARDO RIOS, WARDEN | ) ) ) |
| Warden. | ) |

**ORDER**

The Petitioner, Leonard Clark, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a person in federal custody. For the following reasons, the Petition [#1] is denied.

**Background**

The Petitioner, Leonard Clark, is a federal inmate currently in custody at the Federal Correctional Institution in Pekin, Illinois. The Petitioner was arrested on October 20, 2001 for possession of a controlled substance and aggravated use of a weapon. The Petitioner pleaded guilty to the state charges and was sentenced on January 28, 2003 to six years in prison.

On June 27, 2003, while serving his state sentence, the Petitioner appeared before the United States District Court for the Northern District of Illinois on a criminal complaint pursuant to a writ of habeas corpus ad prosequendum and remained on loan to federal authorities throughout his federal prosecution. On April 13, 2004, while still on federal writ, the Petitioner was discharged from state custody.

On January 28, 2005, the Petitioner was sentenced in the U.S. District Court for the Northern District of Illinois to an aggregate sentence of 360 months in prison for conspiracy to possess with intent to distribute in excess of 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, and distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).

The Petitioner's 360-month federal sentence commenced on January 28, 2005, and the Bureau of Prison's (BOP) has credited the Petitioner's federal sentence with 289 days of prior custody credit for the
period of April 14, 2004 through January 27, 2005.

On February 9, 2011, the Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the BOP's computation of the Petitioner's projected release date.

**Exhaustion of Administrative Remedies,**

**Jurisdiction and Venue**

The Petitioner has exhausted his administrative remedies. This Court has jurisdiction under 28 U.S.C. § 2241 to entertain a petition for writ of habeas corpus. Further, venue is appropriate in the United States District Court for the Central District of Illinois because Petitioner is in custody at a BOP facility within this District. *See* 28 U.S.C. § 2241(a); *see also, Moore v. Olson*, 368 F.3d 757, 758-59 (7th Cir. 2004).

**Analysis**

The Petitioner argues that the BOP has incorrectly computed his projected release date because it has failed to grant prior custody credit for the period of October 20, 2001 through April 4, 2004 against his federal sentence. The Petitioner argues, in his reply brief, that USSG § 5G1.3 should operate to allow his time served on the Illinois sentence to be applied toward service of his

2

federal sentence because "the state offense was a related case for purposes of Guidelines calculations." Petitioner argues that he was sentenced for the same crime because some of his actions in the state case made up part of the conspiracy charges in this case. This argument has no merit.

The BOP has properly computed the Petitioner's sentence. Under 18 U.S.C. §3585(a), a federal sentence of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. Further, §3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence. *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).

When a defendant is in the hands of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum, he remains in the legal custody of the sending authority. *See Jake v. Herschberger*, 173 F.3d 1059, 1062 n.1 (7th Cir. 1999); *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992) (per curiam) (writ of habeas corpus ad prosequendum does not alter custody status); *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989) (per curiam) (prisoner delivered on writ is simply on loan). "Thus, time spent in federal custody under a writ of habeas corpus ad prosequendum is not creditable toward the federal sentence." *Sinito*, 954 F.2d at 469. Accordingly, Petitioner's federal sentence did not begin to run until April 14, 2004.

Prior custody credit is governed by 18 U.S.C. § 3585(b). The BOP, not the sentencing court, has the authority to award prior custody credit under §3585(b). *United States v. Wilson*, 503 U.S. 329 (1992). In *Wilson*, the Court noted that "Congress made clear 3585(b) that a defendant could not receive double credit for his detention time." *Id.* at 1356. Therefore, under § 3585(b),

prior custody credit cannot be granted if the prisoner has received credit towards another sentence. While Petitioner may have physically been in the custody of the United States Marshals Service during the time of his federal prosecution, he clearly remained in the legal custody of the State of Illinois and received proper credit for his time against his state sentence. On this basis the Petition is denied.

The government also argues that the Petition as it relates to the application of USSG § 5G1.3, is a challenge to the sentencing court's imposition of the sentence and not to the Bureau of Prison's execution of the sentence. They further argue that collateral challenges to the imposition of a sentence must be brought pursuant to 28 U.S.C. §2255, absent such a claim fitting within the savings clause of § 2255, which permits a prisoner to proceed under § 2241 when § 2255 is inadequate or ineffective to test the legality of his detention. *See, e.g., Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

This Court is aware that the Petitioner previously filed a § 2255 motion in the Northern District of Illinois attacking his sentence and could have raised this claim in that proceeding. *See Clark v. United States*, 2007 WL 4246891 (N.D. Ill. Nov. 30, 2007). There is nothing to indicate that the prior §2255 proceeding was inadequate or ineffective, and therefore Petitioner would not qualify to proceed with this claim under §2241 savings clause.

The Petition fails for this reason as well.

**Conclusion**

The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] by a person in federal custody is denied. This matter is now terminated.

Entered this 9th day of June, 2011.

                                                s/ James E. Shadid
                                                James E. Shadid
                                                United States District Judge